**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher W. Francis,  )<br>           Petitioner,  )<br>vs.  )<br>Charles L. Ryan; et al.,  )<br>           Respondents.  )<br>_____ ) | No. CIV 12-241-TUC-LAB<br><br>**ORDER** |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on April 5, 2012, by Christopher W. Francis, an inmate confined in the Arizona State Prison Complex in Kingman, Arizona. (Doc. 1)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 22)

The petition will be denied on the merits except for the *Blakely* claim, which is procedurally defaulted.

Summary of the Case

Francis was found guilty after a jury trial of conspiracy to commit possession and/or transportation of marijuana for sale, seven counts of transportation of marijuana for sale, possession of marijuana for sale, and possession of a deadly weapon during the commission of a felony drug offense. (Doc. 11-1, pp. 3-4) On January 16, 2009, the trial court sentenced

1  Francis to aggregate terms of imprisonment totaling fourteen years.  (Doc. 11-1); (Doc. 11-4,
2  pp. 13-14)

3        On direct appeal, Francis argued (1) the prosecutor violated his right to equal protection
4  by striking an African-American from the jury panel, (2) the trial court erred by denying his
5  motion for a mistrial because the prosecutor told the jury that Francis had invoked his Fourth
6  Amendment rights and refused police admittance to his house without a warrant, (3) the
7  evidence was insufficient to convict him of possession of a firearm during the commission of
8  a felony drug offense, and (4) the trial court erred by imposing enhanced sentences pursuant to
9  A.R.S. § 13-3419.  (Doc. 11-2, p. 7); (Doc. 11-4)  The Arizona Court of Appeals affirmed his
10 convictions and sentences on April 22, 2010.  (Doc. 11-4, pp. 13-14)  The Arizona Supreme
11 Court denied review on October 28, 2010.  (Doc. 11-6, p. 2)

12       On November 16, 2010, Francis filed notice of post-conviction relief.  (Doc. 11-6, p. 4)
13 He argued in his petition that trial counsel was ineffective for (1) failing to communicate with
14 him, (2) failing to give accurate advice concerning the plea agreement, and (3) denying Francis
15 the right to testify on his own behalf.  (Doc. 11-7, p. 7)  The trial court denied the petition on
16 August 29, 2011.  (Doc. 11-8)  The Arizona Court of Appeals granted review but denied relief
17 on February 22, 2012.  (Doc. 11-9)  That court held that Francis did not prove his attorney's
18 allegedly deficient performance caused him prejudice because his assertion that he would have
19 taken the plea offer absent counsel's erroneous advice was not credible.  *Id*.

20       On April 5, 2012, Francis filed the pending petition for writ of habeas corpus pursuant
21 to 28 U.S.C. § 2254.  (Doc. 1)  He claims (1) the prosecutor's strike of a potential African-
22 American juror violated *Batson*; (2) his right to due process was violated when the prosecutor
23 told the jury that Francis invoked his Fourth Amendment rights by refusing to consent to a
24 warrantless search; (3) the evidence was insufficient to convict him of possession of weapons
25 in furtherance of the commission of a drug offense, (4) his sentence was enhanced in violation
26 of *Blakely*, and (5) counsel's failure to accurately predict his probable sentence resulted in his
27 failure to adequately assess the state's plea offer.  (Doc. 1)

28

In their answer, the respondents argue claim 4 is procedurally defaulted, but the remaining claims should be denied on the merits. (Doc. 11) Francis filed a reply. (Doc. 21)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the

highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d

1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

Discussion: Claim 1 – *Batson*

In claim 1, Francis argues the prosecutor's strike of a potential African-American juror violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986).

"Under *Batson*, a prosecutor's racially discriminatory use of peremptory challenges violates the Fourteenth Amendment's Equal Protection Clause." *Fernandez v. Roe*, 286 F.3d 1073, 1077 (9th Cir. 2002). "To bring a successful *Batson* challenge, a defendant must first establish a prima facie case by showing that (1) the defendant is a member of a cognizable group; (2) the prosecution has removed members of such a group; and (3) circumstances raise an 'inference' that the challenges were motivated by race." *Id*. "The burden then shifts to the prosecutor to articulate a race-neutral basis for the peremptory challenges." *Id*. "Finally, the trial court must determine, in light of the prima facie case and the prosecutor's explanation, whether the defendant has proven purposeful discrimination." *Id*. In this case, the issue is

whether the trial court correctly concluded at the final step that the prosecutor's strike was not racially motivated.

During Francis's trial, the prosecutor exercised a peremptory strike against an African-American woman, Ms. Wood. (Doc. 11, pp. 12-13)  The prosecutor explained the strike by stating that Ms. Wood "showed discontent and disapproval of the manner in which I was asking questions."  *Id*.  He also noticed that, when he was asking questions, she looked not at him but at the court.  *Id*.  He observed, "She was clearly . . . not paying attention to my attempts to do my job at the time, but was following the Court."  *Id*.  He therefore concluded, "She would not be a good person to be on a jury in a case I was trying."  *Id*.

On direct appeal, the court of appeals held that the trial court did not err in concluding that the prosecutor had offered race neutral reasons for his strike. (Doc. 11-4, p. 18)  The court of appeals noted that "determining the validity of [the prosecutor's] explanations required the court to evaluate the sincerity of the prosecutor as well as the behavior of the juror."  *Id*.  "These are credibility determinations that the [trial] court was in the best position to make."  *Id*.

The decision of the Arizona Court of Appeals denying relief was not "contrary to" or "an unreasonable application of" federal law. 28 U.S.C. § 2254(d)(1).  "Because a trial court's finding on purposeful discrimination rests largely on credibility, a reviewing court ordinarily should give those findings great deference."  *Williams v. Rhoades*, 354 F.3d 1101, 1109 (9th Cir. 2004).  "For [this court] to set aside the state courts' findings on discriminatory intent, [the petitioner] must rebut the presumption of correctness by clear and convincing evidence."  *Id*.  "[This court] must be left with a firm conviction that the determination made by the state court is wrong and the one urged by [the petitioner] is correct."  *Id*.

Francis argues in a conclusory manner that the prosecutor's explanation is not supported by the record. (Doc. 21, pp. 2-4)  He does not, however, cite to anything specific that undermines the credibility of the prosecutor or casts doubt on the trial court's ability to fairly assess that credibility.  Accordingly, Francis has failed to show the prosecutor's peremptory challenge was motivated by race.  Claim 1 will be denied.  *See, e.g., U.S. v. Thompson*, 827 F.2d 1254, 1260 (9th Cir. 1987) ("Excluding jurors . . . because of a poor attitude in answer to

- 6 -

voir dire questions is wholly within the prosecutor's prerogative."); *Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004) ( The trial court acknowledged that Juror X had been evasive and distant with the prosecutor, but friendly and open with defense counsel.).

<u>Discussion: Claim 2 – Comment on the Invocation of Fourth Amendment Rights</u>

Francis claims his right to due process was violated when the prosecutor told the jury in opening statement and closing argument that Francis invoked his Fourth Amendment rights by refusing to consent to a warrantless search. (Doc. 1)

At trial, law enforcement witnesses testified that they suspected drug activity at a certain house on Camino Laguna Seca in Tucson, AZ. (Doc. 11, pp. 2-3) When two officers knocked on the door, co-defendant Butler answered. *Id.* When the two officers asked permission to enter, Butler's cell phone rang. *Id.* He took the call and explained to the caller that the officers wanted to enter the house. *Id.* He asked the caller what he should do. *Id.* He then informed the officers that the person on the phone said that the police did not have a warrant so he (Butler) could not let them in. *Id.* Shortly afterwards, two bales of marijuana were found behind the back wall of the house. *Id.*

During opening statements, the prosecutor described the incident and asserted that the phone call came from Francis proving that he had control of the residence. (Doc. 11-4, pp. 19-20) He further explained that Francis had a right to refuse the search and that he mentioned the incident only to show that Francis was in control. *Id.* The prosecutor made a similar reference to the incident in his closing argument. *Id.* Again, the prosecutor warned that invoking one's Fourth Amendment rights is not evidence of guilt. *Id.*

On direct appeal, the court of appeals held that while a defendant's invocation of his Fourth Amendment rights may not be introduced as evidence of a guilty mind, it may be introduced for another purpose. (Doc. 11-4, pp. 22-24) Here, it was introduced to prove dominion and control of the property. *Id.* Accordingly, its introduction did not violate due process. *Id.*

Francis claims his right to due process was violated by the prosecutor's comment on his invocation of his Fourth Amendment rights. (Doc. 1) In formulating this claim, Francis seems to be analogizing to the case *Doyle v. Ohio*, 426 U.S. 610, 626, 96 S.Ct. 2240, 2245 (1976) in which the Supreme Court held that the Due Process Clause forbids the prosecutor from commenting on the defendant's invocation of his *Fifth* Amendment right to remain silent. *But see Brecht v. Abrahamson*, 507 U.S. 619, 628, 113 S.Ct. 1710, 1716 (1993) (limiting *Doyle* to silence invoked after *Miranda* warnings). The Supreme Court, however, has not extended *Doyle* to the Fourth Amendment context. *But see U.S. v. Prescott*, 581 F.2d 1343 (9th Cir. 1978).

Francis claims a violation of a right that has not been recognized by the Supreme Court. Habeas relief, however, may only be granted if the state court's decision is contrary to or an unreasonable application of "clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added). Accordingly, habeas relief is not available for this claim. In the alternative, the court concludes the Due Process Clause was not violated.

In general, the Due Process Clause protects the accused from the introduction of evidence that is so arbitrary or prejudicial that a fair trial is not possible. *Jammal v. Van de Kamp*, 926 F.2d 918, 919-21 (9th Cir. 1991). Such did not occur here.

In this case, evidence was introduced that Francis told his co-defendant not to allow the police into the house at Camino Laguna Seca without a warrant. While this testimony could have been used to prove that Francis was hiding something in that house, it could also have been used to establish that Francis was in control of the property, which was a legitimate line of inquiry. The evidence was relevant and not so inherently prejudicial as to make a fair trial impossible. The Due Process Clause was not violated here. *See, e.g., Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) ("Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process.") (emphasis in original). The decision of the Arizona Court of Appeals denying relief was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d)

Discussion: Claim 3 – Sufficiency of the Evidence

In claim 3, Francis argues the evidence was insufficient to convict him of possession of weapons in furtherance of the commission of a drug offense. (Doc. 1)

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073 (1970). On review for sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original); *see also Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624 (1960) (A conviction completely lacking in evidentiary support violates the Due Process Clause). Because this issue is raised in a petition for writ of habeas corpus, Francis is entitled to habeas relief only if the state court's decision on this matter was contrary to, or an unreasonable application of the *Jackson* standard. 28 U.S.C. § 2254(d)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

Francis was charged pursuant to A.R.S. § 13-3102(A)(8), which "prohibits (among other actions) knowingly using or possessing a deadly weapon during the commission of any felony offense included in chapter 34 of this title." *State v. Petrak*, 198 Ariz. 260, 264, 8 P.3d 1174, 1178 (App. 2000). For liability, "[t]he state must prove that the defendant intended to use or could have used the weapon to further the felony drug offense underlying the weapons misconduct charge." *Id*. at 266, 1180. "Factors tending to show that the weapon was or could be used in this way for a drug offense include the spatial proximity and accessibility of the weapon to the defendant and to the site of the drug offense." *Id*.

At trial, the state introduced evidence that baggies of marijuana, packing material, a scale, and $13,000 in cash were found in the Camino Laguna Seca house, behind which the police found two bales of marijuana. (Doc. 11, p. 3) Police also found court documents in Francis's name and a vehicle rental agreement bearing Francis's name and the Laguna Seca

address. (Doc. 11, p. 16-17) Two handguns were found in the bedroom where police also found a drug ledger and shipping receipts with Francis's handwriting on them. (Doc. 11, p. 16) The receipts listed an address on Calle Lado Al Rio. *Id.*

At the Calle Lado Al Rio address, police found another gun, drug paraphernalia, a ledger, and marijuana. (Doc. 11, p. 17) A piece of cardboard in the garage had Francis's handwriting on it. *Id.* Francis also had been observed leaving the Lado Al Rio address and driving by the Laguna Seca address. *Id.*

Francis argues there was no "nexus" connecting him to the weapons. (Doc. 1, p. 8) The court does not agree.

Upon viewing this evidence in the light most favorable to the prosecution, the court concludes that a rational trier of fact could have found beyond a reasonable doubt that Francis had access to the firearms and could have used them to further the drug offenses of which he was convicted. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). Francis was observed leaving the Lado Al Rio address and driving by the Laguna Seca address at the same time that the occupant of that house received a telephone call instructing him not to allow the police to enter. Documents found in the two houses indicated that Francis had been there previously. There was sufficient evidence connecting Francis to the weapons. The decision of the state court of appeals on this issue was neither "contrary to," nor an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

### Claim 4 – *Blakely*

Francis argues his sentence was enhanced based on factors that were not decided by a jury in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). (Doc. 1, p. 9) The respondents argue this claim was not properly exhausted and is now procedurally defaulted. They are correct.

- 10 -

In his direct appeal, Francis argued the trial court improperly enhanced his sentence pursuant to A.R.S. 13-3419[1] because he received no specific pretrial notice of the state's intention to rely on this statute. (Doc. 11-2, pp. 44-48) He argued, among other things, that the lack of notice violated "[f]undamental fairness." (Doc. 11-2, p. 47) He did not, however, argue that by increasing his sentence beyond the statutory maximum, the trial court violated his Sixth Amendment right to have a jury decide all such enhancement factors beyond a reasonable doubt as the Supreme Court held in *Blakely*.

Francis did not raise his *Blakely* claim before the Arizona Court of Appeals. His claim was not properly exhausted. Moreover, Francis cannot return to state court and exhaust it now. *See* Ariz.R.Crim.P. 32.2. It is procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In his reply brief, Francis concedes that he did not raise the *Blakely* issue in his direct appeal, but argues he did so in his sentencing memorandum before the trial court. (Doc. 21, p. 10) Raising an issue in a sentencing memorandum, however, does not properly exhaust that issue. *See Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005). Claim 4 will be denied as procedurally defaulted.

Claim 5 – Ineffective assistance

Francis argues counsel was ineffective because his failure to accurately predict Francis's probable sentence caused him to reject the state's plea offer. (Doc. 1)

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), reissued as amended, 311 F.3d 928 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient

---

[1] The statute allows for an enhanced sentence for "a person who is convicted of two or more offenses under [chapter 34, drug offenses,] that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions." A.R.S. § 13-3419(A).

- 11 -

performance prejudiced the defense." *Id.* To show prejudice, the petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal citation omitted).

Francis argues his trial counsel was ineffective because he inaccurately predicted that he would receive a seven-year sentence if he were convicted at trial. (Doc. 1, p. 10) If he had known he was facing a fourteen-year sentence, he implies, he would have accepted the state's plea offer. *Id.*

The trial court held a hearing on this issue and afterwards concluded that counsel was not ineffective. The trial court held that counsel's performance was not deficient because while he underestimated Francis's eventual sentence, he correctly assessed Francis's "potential prison exposure and the possible applicability of A.R.S. § 13-3419." (Doc. 11-8, p. 5) Counsel correctly stated that while he believed seven years was the likely sentence, he could not be definite about the actual outcome. *Id.* Assuming for the sake of argument that counsel's performance was deficient, the trial court held that Francis could not show prejudice. *Id.*

Counsel testified that Francis claimed he was innocent and therefore questioned why he should take the three-year plea agreement. *Id.* Counsel further testified that there were no *written* plea agreements offered in the case. *Id.* That meant that the prosecutor did not believe there was a reasonable chance that an agreement would be accepted. *Id.* The trial court

concluded that Francis would not have taken the plea agreement even if counsel had accurately predicted the ultimate sentence. *Id*. He found Francis's contrary statement to be "self serving" and not credible. *Id*. Accordingly, he found Francis failed to prove prejudice. *Id*.

The court of appeals similarly found that counsel was not ineffective because Francis could not prove he would have accepted the plea agreement absent counsel's alleged errors. (Doc. 11-9, p. 4)

According to Francis, counsel stated that there was no evidence connecting him to the sale or transportation of marijuana. (Doc. 1) Counsel further advised him that he would receive only a seven-year sentence should he be convicted. *Id*. Francis implicitly argues that absent this deficient performance, he would have accepted the state's three year plea agreement. *Id*.

In analyzing this claim, the trial court made a credibility finding that Francis decided to go to trial, not based on counsel's advice, but because he insisted he was not guilty. Credibility findings must be given great deference by a court entertaining a habeas petition. Francis must rebut the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C.A. § 2254 (e)(1); *William v. Rhoades*, 354 F.3d 1101, 1109 (9th Cir. 2004). Aside from his unsupported assertions, however, he offers nothing to counter the trial court's credibility finding. Accordingly, this court must adopt the state court's finding that counsel's performance did not affect Francis's decision to reject the plea offer. Francis cannot show prejudice by counsel's alleged deficient performance. This claim will be denied.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on April 5, 2012, by Christopher W. Francis is DENIED

IT IS FURTHER ORDERED denying the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 17th day of September, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge